**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:26-cv-00356-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS, CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | § § § § | |
| *Defendants*. | § | |

**DISCOVERY ORDER**

Before the Court is the Parties' Motion for Entry of Discovery Order. **Dkt. No. 35**. Having considered the Motion, the Court is of the opinion that the Motion be, and hereby is, **GRANTED**.

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED** as follows:

**1.** **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations:

(a) "Side" means a party or a group of parties with a common interest. For example, Omni MedSci, Inc. is a side. Samsung Electronics, Co. Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. are a side.

(b) Interrogatories. Each side may serve up to 25 interrogatories on the other.

(c) Requests for Admission. Each side may serve up to 30 requests for admission on the other. These limits do not include requests for admissions for the sole purpose of document authentication, evidentiary admissibility, public availability, or dating of documents and other evidence. With such exceptions, the parties agree to adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rule.

(d) Party Depositions. Each side may take up to 50 hours of party depositions per side (inclusive of both 30(b)(1) depositions and 30(b)(6) depositions), but exclusive of expert depositions.

i. Should a single witness be designated pursuant to Rule 30(b)(6) to address voluminous noticed deposition topics, the parties will discuss whether the 7-hour time limit under 30(d)(1) will apply to such witness, but such deposition may still not exceed 7 hours per day, absent agreement of the parties.

ii. The parties agree that employees of the parties may be served with deposition notices through the party's counsel, rather than being served by a subpoena.

iii. The parties shall give reasonable notice for depositions of party witnesses.

iv. Witnesses shall be deposed in a city of their residence or employment, or at a location mutually agreed upon by the parties. Depositions may be conducted via remote videoconferencing services such as Zoom, and defending attorneys may be present in the room with their witnesses even in the event of a remote deposition. Any defending attorney(s) present in the room with their witnesses shall be shown on camera during the deposition. Unless otherwise agreed to by the parties, virtual depositions shall take place during business hours of the location of the witness.

(e) Non-Party Discovery. Each side may take up to 40 hours of non-party depositions. The parties may also take depositions on written questions of custodians of business records for non-parties and such depositions do not count against the above limitations. Parties may also seek non-party discovery through requests for production, declarations, or as otherwise permitted by the Federal Rules of Civil Procedure.

(f) Expert Depositions. Each side is limited to 4 expert witnesses per side. Each side is entitled to 7 hours of deposition time to cross-examine an expert that offers an expert report against it. If an expert serves multiple reports (e.g., one on infringement and one on validity) then the expert's deposition shall be limited to 7 hours plus 7 hours for each additional report beyond the first (e.g., 14 hours for two reports). Each party reserves the right to seek adjustment of these limits, including the number of experts and deposition hours, based upon changes to the scope of discovery, or the addition or dismissal of claims or defenses.

(g) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.** The parties hereby stipulate to the following:

(a) Service via Email. The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) in PDF format via email.

(b) Email Addresses for Service. Except when unpracticable, the parties shall serve all documents electronically, either by email, FTP, or ECF, to the email addresses designated for service by each party. Each party shall ensure that any email they designate for service encompasses only counsel of record for a party and persons employed by counsel of record for a party.

(c) Exception to the Obligation to Log Privileged Documents. Unless good cause is shown, the parties shall not be required to log (1) any privileged or attorney work product materials created on or after the earlier of anticipation of litigation or December 20, 2024, the commencement of co-pending litigation between the parties in *Omni MedSci, Inc. v. Samsung Electronics, Co. Ltd. et al.*, Case No. 2:24-CV-01070-JRG-RSP; (2) any privileged communications dated on or after the earlier of anticipation of litigation or December 20, 2024, the commencement of co-pending litigation between the parties in *Omni MedSci, Inc. v. Samsung Electronics, Co. Ltd. et al.*, Case No. 2:24-CV-01070-JRG-RSP.

(d) Voicemail and Mobile Devices. Absent a showing of good cause, voice-mails, PDAs, mobile phones, and communications on personal chat services (e.g., WhatsApp, iMessage, Snapchat, Facebook) are deemed not reasonably accessible and need not be collected and preserved.

(e) Discoverability of Expert Materials. In addition to the protections of Rule 26(b)(4), notes, memoranda, and other writings of an expert in connection with this case shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Similarly, oral and written communications with an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. For purposes of this paragraph, such materials exempt from discovery shall be considered attorney work product.

(f) Non-English Documents. When producing any non-English documents, each party shall also produce any English translations of said documents, including any translations, machine or otherwise, prepared for purposes of this litigation. The parties are not obligated to prepare translations but are obligated to produce them to the extent they or their counsel prepare them or have them in their possession, custody, or control.

(g) Production of Materials Obtained via Third-Party Subpoena. A party who serves a subpoena in this matter on a third party shall promptly provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. For any third-party document production that is covered by a sworn declaration of authenticity by any third-party, the parties agree to not challenge any produced document under Rule

901 of the Fed. R. Evid., but reserve any objections under any other rule of evidence, including but not limited to any hearsay objections.

(h) Inadvertent Production of Privileged Materials. Pursuant to Fed. R. Evid. 502(d), inadvertent production of materials covered by the attorney-client privilege or work product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

(i) Scheduling of Depositions. The parties shall cooperate reasonably to schedule depositions at dates, times, and locations mutually convenient to the parties and the witness, and no party shall unreasonably withhold agreement to a proposed date. A party that schedules a third-party deposition shall promptly notify the other parties of its date, time, and location once they are confirmed.

(j) Source Code Held by Third Parties. If a party requests source code that the producing party contends is not within its possession, custody, or control because the source code is owned, maintained, or held by a third party, the producing party shall, to the extent known, identify in writing, such third party, including its name and a point of contact, within fourteen (14) days of the request.

**13.** **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or

Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 16th day of October, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE